**Ira E. Dorfman (ID-7488)**
CRONIN AND BERKOWITZ
**10000 Lincoln Drive East, Suite 202**
**Marlton, NJ 08053**
**Phone: (856) 350-6060**
**Fax:  (856) 751-1677**
**ATTORNEYS FOR PLAINTIFFS**
**Daniel Justiniano, et al.**

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Daniel Justiniano, Dana Lattimore, Cierra Ingram, Wayne R. Vecchio, Emerald Bell, Ramonita Torres, Joshua Leslie, Amadou Barry, Toccara Byrd, Tonia Foster, Margaret Harris, Tametria L. Young, Ashley Clay, Greag Campbell, Felicia McGill, Rodney Jackson, Vaniece Balkman, Sonia Fuentes, Martin J. Moynihan, Clarence Rahmins, Freddy Colon, Zoraida Marrero, Anthony Gonzalez, David F. Clark, Jacqueline Occident, John Nesmith, Wayne Walker, Arnie Lichtenstein, Wanda I. Flecha, Frankie Hall, Glenn Cook, Izola Sylar, Tonya West, Darlene James, Laron Hagan, Diane Toure, Jazmine Jones, Diasheen Lee, Leola Bell, Luis A. Lopez, Chester J. McGill, Helen Vaughn, James Curry, Kurt Bowles, Melody A. Frame, Gregory Coates, James Trammell III, James O. Settles, David Muse, Jr., Roy Williams, Jr., Deborah J. Sisson, Victoria Warren, Andre Grayer, Bonnie Kinelyessner, Dwayne Blizzard, Jimmie Weldon, Leon G. Brown, Charles Rucker, Joanne Roche, Anthony Albert, Ossie Sadiyoyeswarali, Due Abraham, Harvey M. Watts, Jr., Twandu Wynter, Lena Brock, Cynthia Harewood, William Colombo, Kelly Falzone, Joseph Molinari, Jr., Glenda Ramos, Charles F. Messmer, Yvette Brown, David Lawrence, Dorian A. David, Paul Masny, Wendy Schleyer, Jennifer Wilkes, Priscilla Feneck, Tami Squires, Eric Ewald, John Bertonich, Bryan Wells, Crystal Wells, Sarah A. Smith, Kathleen Knapp, Pamela Mallory, Theresa A. Love and James W. Jenkins,** | *CIVIL ACTION*<br><br>**COMPLAINT** |

**Plaintiffs,**

-against-

**First Student Management LLC, and First Student Inc**.,

**Defendants.**

Plaintiffs, Daniel Justiniano, Dana Lattimore, Cierra Ingram, Wayne R. Vecchio, Emerald Bell, Ramonita Torres, Joshua Leslie, Amadou Barry, Toccara Byrd, Tonia Foster, Margaret Harris, Tametria L. Young, Ashley Clay, Greag Campbell, Felicia McGill, Rodney Jackson, Vaniece Balkman, Sonia Fuentes, Martin J. Moynihan, Clarence Rahmins, Freddy Colon, Zoraida Marrero, Anthony Gonzalez, David F. Clark, Jacqueline Occident, John Nesmith, Wayne Walker, Arnie Lichtenstein, Wanda I. Flecha, Frankie Hall, Glenn Cook, Izola Sylar, Tonya West, Darlene James, Laron Hagan, Diane Toure, Jazmine Jones, Diasheen Lee, Leola Bell, Luis A. Lopez, Chester J. McGill, Helen Vaughn, James Curry, Kurt Bowles, Melody A. Frame, Gregory Coates, James Trammell III, James O. Settles, David Muse, Jr., Roy Williams, Jr., Deborah J. Sisson, Victoria Warren, Andre Grayer, Bonnie Kinelyessner,  Dwayne Blizzard, Jimmie Weldon, Leon G. Brown, Charles Rucker, Joanne Roche, Anthony Albert, Ossie Sadiyoyeswarali, Due Abraham, Harvey M. Watts, Jr., Twandu Wynter, Lena Brock, Cynthia Harewood, William Colombo, Kelly Falzone, Joseph Molinari, Jr., Glenda Ramos, Charles F. Messmer, Yvette Brown, David Lawrence, Dorian A. David, Paul Masny, Wendy Schleyer, Jennifer Wilkes, Priscilla Feneck, Tami Squires, Eric Ewald, John Bertonich, Bryan Wells, Crystal Wells, Sarah A. Smith, Kathleen Knapp, Pamela Mallory, Theresa A. Love and James W. Jenkins by their attorneys, Cronin and Berkowitz,  as and for its Complaint against defendants, First Student Management LLC, and First Student Inc., avers as follows:

1.      Plaintiffs bring this action on behalf of themselves and a class of other similarly situated employees for unpaid compensation and overtime compensation and related penalties and damages pursuant to the 29 U.S.C. §216(b) of the Fair Labor Standard Act ("FLSA), the New York State Labor Law ("NYSLL") and the Official Codes, Rules and Regulations of the State of New York ("NYCRR").

**Parties**

2.      Daniel Justiniano is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

3.      Dana Lattimore is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

4.      Cierra Ingram is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

5.      Wayne R. Vecchio is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

6.      Emerald Bell is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

7.      Ramonita Torres is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

8.      Joshua Leslie is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

9.      Amadou Barry is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

10.     Toccara Byrd is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

11.     Tonia Foster is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

12.     Margaret Harris is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

13. Tametria L. Young is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

14. Ashley Clay is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

15. Greag Campbell is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

16. Felicia McGill is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

17. Rodney Jackson is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

18. Vaniece Balkman is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

19. Sonia Fuentes is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

20. Martin J. Moynihan is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

21. Clarence Rahmins is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

22. Freddy Colon is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

23. Zoraida Marrero is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

24. Anthony Gonzalez is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

25.     David F. Clark is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

26.     Jacqueline Occident is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

27.     John Nesmith is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

28.     Wayne Walker is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

29.     Arnie Lichtenstein is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

30.     Wanda I. Flecha is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

31.     Frankie Hall is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

32.     Glenn Cook is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

33.     Izola Sylar is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

34.     Tonya West is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

35.     Darlene James is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

36.     Laron Hagan is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

37. Diane Toure is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

38. Jazmine Jones is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

39. Diasheen Lee is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

40. Leola Bell is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

41. Luis A. Lopez is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

42. Chester J. McGill is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

43. Helen Vaughn is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

44. James Curry is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

45. Kurt Bowles is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

46. Melody A. Frame is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

47. Gregory Coates is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

48. James Trammell III is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

49.     James O. Settles is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

50.     David Muse, Jr. is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

51.     Roy Williams, Jr. is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

52.     Deborah J. Sisson is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

53.     Victoria Warren is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

54.     Andre Grayer is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

55.     Bonnie Kinelyessner is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

56.     Dwayne Blizzard is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

57.     Jimmie Weldon is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

58.     Leon G. Brown is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

59.     Charles Rucker is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

60.     Joanne Roche is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

61. Anthony Albert is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

62. Ossie Sadiyoyeswarali is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

63. Due Abraham is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

64. Harvey M. Watts, Jr. is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

65. Twandu Wynter is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

66. Lena Brock is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

67. Cynthia Harewood is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

68. William Colombo is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

69. Kelly Falzone is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

70. Joseph Molinari, Jr. is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

71. Glenda Ramos is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

72. Charles F. Messmer is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

73.     Yvette Brown is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

74.     David Lawrence is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

75.     Dorian A. David is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

76.     Paul Masny is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

77.     Wendy Schleyer is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

78.     Jennifer Wilkes is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

79.     Priscilla Feneck is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

80.     Tami Squires is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

81.     Eric Ewald is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

82.     John Bertonich is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

83.     Bryan Wells is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

84.     Crystal Wells is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

85.     Sarah A. Smith is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

86.     Kathleen Knapp is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

87.     Pamela Mallory is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

88.     Theresa A. Love is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

89.     James W. Jenkins is a resident of New York and a true copy of a "Consent to Join" form is attached hereto.

90.     All of the foregoing parties shall be denominated as "Plaintiff" and shall be referred herein collectively as "the Plaintiffs."  Additional Plaintiffs will be added as they join the suit.

91.     First Student Management LLC, is a Delaware LLC with a registered agent located at 111 Eighth Avenue, New York, New York 10011.

92.     First Student Inc, is a foreign corporation with its principal offices located at 705 Central Avenue, Cincinnati, Ohio, with a registered agent located at 111 Eighth Avenue, New York, New York 10011, and is the parent corporation of First Student Management LLC.

93.     At all times hereto, First Student Management LLC acted as an agent or alter ego of First Student Inc., thereby rendering both and the other joint employers under the applicable state and federal statutes relied upon herein and rendering both and the other  liable for any and all acts or omissions on the part of the other. .

94.     Collectively First Student Management LLC and First Student Inc. are referred herein as "First Student" or "Defendant."

## JURISDICTION AND VENUE

95.　This Court has original federal question jurisdiction under 28 U.S.C. § 1331 of the Fair Labor Standard Act ("FLSA) 29 U.S.C. §216(b), *et seq.*

96.　This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. §1367(a), *et seq.*

97.　Venue is proper in the Eastern District of New York, because Defendant operates from multiple locations within this District.

## INTERSTATE COMMERCE

98.　Defendant First Student is a nationwide provider of student bus transportation with operations in at least 42 different states.

99.　Defendant First Student operates an enterprise engaged in interstate commerce within the meaning of the FLSA.

100.　Based upon preliminary good faith investigation, for each of the three (3) years preceding the filing of this complaint, First Student has employed 2 or more individuals "handling, selling, or otherwise working on goods or materials that can been moved or produced for commerce."

101.　Based upon preliminary good faith investigation, First Student grossed more than $500,000.00 in the past fiscal year.

102.　Plaintiffs, and members of the Plaintiff Class, at all time relevant hereto, were "employee(s)" as the term is defined by 29 U.S.C. §203(e).

103.　First Student was, at all times relevant hereto, an "employer" as that term is defined by 29 U.S.C. §203(d).

## FACTS

104.　During and after 2013, plaintiffs were employed by First Student as bus drivers

and driver assistants the employment of plaintiffs pursuant to an express agreement wherein defendant agreed to pay for all time worked by the plaintiffs.

105.    Plaintiffs were engaged in the intrastate transportation of students to local municipal schools and providing students intrastate transportation to extracurricular activities such as various extracurricular activities.

### A.  *The Bus Yards.*

92.    Based upon preliminary good faith investigation, between 2013 and the date of this Complaint, Defendant operated and/or continues to operate out of approximately forty (40) separate bus yards in the state of New York.

93.    First Student operates a bus yard located at 5677 South Street Road, Auburn, New York 13021.

94.    First Student operates a bus yard located at 145 West Service Road, Binghamton, New York, 13901.

95.     First Student operates a bus yard located at 119 Botsford Place, Buffalo, New York 14216.

96.    First Student operates a bus yard located at 909 Bailey Avenue, Buffalo, New York 14206.

97.    First Student operates a bus yard located at 803 Walden Avenue, Buffalo, New York 14211.

98.    First Student operates a bus yard located at 140 Shawnee Avenue, Buffalo, New York 14215.

99.    First Student operates a bus yard located at 100 Gruner Road, Buffalo, New York

14227.

100.     First Student operates a bus yard located at 2306 Walden Avenue, Buffalo, New York 14225.

101.     First Student operates a bus yard located at 23 Brown Crossing Road, Catskill, New York 12414.

102.     First Student operates a bus yard located at 180 Railroad Avenue, Center Moriches, New York 11934.

103.     First Student operates a bus yard located at 12 Olmstead Avenue, Delevan, New York 14042.

104.     First Student operates a bus yard located at 43 Oniontown Road, P.O. Box 687, Dover Plains, New York 12522.

105.     First Student operates a bus yard located at 819 Davis Road, East Aurora, New York 14052.

106.     First Student operates a bus yard located at 17 Industrial Drive, Florida, New York 10921.

107.     First Student operates a bus yard located at 151 Chautauqua Road, Fredonia, New York 14063.

108.     First Student operates a bus yard located at 251 N. Main Street, Freeport, New York 11520.

109.     First Student operates a bus yard located at 455 W. John Street, Hicksville, New York 11801.

110.     First Student operates a bus yard located at 29 Keiffer Lane, Kingston, New York 12401.

111.     First Student operates a bus yard located at 2514 South Park Avenue, Lackawanna, New York 14218.

112.     First Student operates a bus yard located at 721 Hall Road, Lisbon, New York 13658.

113.     First Student operates a bus yard located at 40 Miller Place-Yaphank Road, Middle Island, New York 11953.

114.     First Student operates a bus yard located at 17 Halcyon Road, Millbrook, New York 12545.

115.     First Student operates a bus yard located at 325 Miller Place, Mt. Vernon, New York 10550.

116.     First Student operates a bus yard located at 655 Walck Road, North Tonawanda, New York 14120.

117.     First Student operates a bus yard located at 455 Wheatfield Street, North Tonawanda, New York 14120.

118.     First Student operates a bus yard located at 255 Depot Street, Pine Bush, New York 12566.

119.     First Student operates a bus yard located at 32 Fitchett Way, Poughkeepsie, New York 12601.

120.     First Student operates a bus yard located at 455-A Adirondack Street, Rochester, New York 14606.

121.     First Student operates a bus yard located at 575 Colfax Street, Rochester, New York 14606.

122.     First Student operates a bus yard located at 1185 East Main Street, Rochester, New York 14609.

123.     First Student operates a bus yard located at 2458 East Ridge Road, Rochester, New York 14622.

124.     First Student operates a bus yard located at 225 Malden Turnpike, Saugerties,

New York 12477.

125. First Student operates a bus yard located at 82 Route 25A, Shoreham, New York 11786.

126. First Student operates a bus yard located at 1340 East Water Street, Syracuse, New York 13210.

127. First Student operates a bus yard located at 300 Spencer Street, Syracuse, New York 13204.

128. First Student operates a bus yard located at 1 Wallkill Drive, Wallkill, New York 12589.

129. First Student operates a bus yard located at 3082 Route 208, Wallkill, New York 12589.

130. First Student operates a bus yard located at 12027 Route 9W, West Coxsackie, New York 12192.

131. First Student operates a bus yard located at 151 South Avenue, West Seneca, New York 14224.

132. First Student operates a bus yard located at 3883 Route 52, Youngsville, New York 12791.

133. During 2013, and persisting until the time of this Complaint, Defendant violated Federal and New York State law by failing to abide by the respective wage and hour laws.

134. First Student's acts and omissions constituting violations include, but are not limited to, refusing to pay drivers and assistants for time actually spent working for Defendant, failing to pay employees "time and a half" for all overtime, and failing to keep accurate time records.

135. Plaintiffs bring the Federal Law claims, Counts I and II, in this action pursuant to the Fair Labor Standards Act and the Portal to Portal Act, seeking unpaid wages, liquidated

damages, interest, costs and attorney's fees.

136.     Plaintiffs bring the New York claims, Counts III and IV, in this action pursuant to New York State Law on their own behalf and on behalf of employees similarly situated, pursuant to the New York State Labor Law ("NYSLL") Article 2, Article 6 and Article 19 and the Official Codes, Rules and Regulations of the State of New York ("NYCRR") Part 142 of Title 12, seeking unpaid wages, unpaid overtime, attorney's fees and cost and other available remedies under the statute including liquidated damages and interest on any and all wages found to be owed.

### B.  Allegations as to Willful Violations

137.     First Student's violations in this case were "willful" violations and not the result of any mistaken impression of the applicable law as they were warned of the impropriety of their conducted on multiple occasions.

138.     Pursuant to two (2) Freedom of Information Act (FOIA) requests, Plaintiffs secured multiple investigations by the United States Department of Labor (USDOL) First Student and its subsidiaries for a period of ten (10) years. Contained with the production were six (6) instances of First Student violating the FLSA, ultimately resulting in the imposition of civil penalties as a result of First Student's "history of violations." The relevant investigations are summarized as follows:

   a.  <u>Case 1321753</u>. Investigation report dated 2/24/04, location Hudson, New Hampshire. First Student's contention that school bus drivers are exempt from overtime under the FLSA was rejected. Total overtime back-wages due: $5,245.00.

   b.  <u>Case 1332520</u>. Investigation report dated 9/11/04, location Hanson, Massachusetts. First Student's contention that school bus drivers are exempt from overtime under the FLSA was rejected. Total overtime back-wages due:

$3,081.61.

    c.  <u>Case 1455596</u>. Investigation report dated 12/27/11, location Sheffield Ohio. First Student violated FLSA and directed to pay 52 bus drivers for overtime. Total overtime back-wages due: $16,707.73.

    d.  <u>Case 1525848</u>. Investigation report dated 11/21/08, location Elyria, Ohio. First Student's violated FLSA and directed to pay bus driver for overtime. Total overtime back-wages due: $185.31.

    e.  <u>Case 1537033</u>. Investigation report dated 7/30/09, location Englewood, New Jersey. First Student was order to pay back-wages and overtime to school bus dispatchers pursuant to a "self-audit". Total overtime back-wages due: $420,428.61.

    f.  <u>Case 1560444</u>. Investigation report dated 10/5/10, location St. Louis, Missouri. First Student found to have violated FLSA for two employees. Civil penalties assessed due to First Student's "history of violations." Total overtime back-wages due: $2,230.88.

    g.  <u>Case 1455596</u>. Investigation report dated 12/27/11, location Hudson, New Hampshire. First Student's contention that school bus drivers are exempt from overtime under the FLSA was rejected. Total overtime back-wages due: $5,245.00.

139.    Pursuant to an Illinois Department of Labor Freedom of Information Act, 5 ILCS 140/1 *et seq.*, Plaintiffs secured multiple investigations by the Illinois Department of Labor concerning First Student and its subsidiaries for a period of ten (10) years.

140.    Contained with the production were six (6) instances of First Student violating Illinois wage and hour laws. The relevant investigations are summarized as follows:

a. IDOL File No.: 10-002763. Wage Payment Demand dated 5/10/11, location Naperville, Illinois, the Honorable Michael Haggerty, ALJ, ordered First Student pay $162.50 unpaid wages.

b. IDOL File No.: 10-004519. Wage Payment Demand dated 1/24/11, First Student was ordered to pay $135.50 in unpaid wages.

c. IDOL File No.: 10-000755. Wage Payment Demand dated 11/16/11, location Springfield, Illinois, the Honorable Michael Haggerty, ALJ, ordered First Student pay $1,427.31 in unpaid wages.

d. IDOL Wage Claim No.: 11-003316. Wage Payment demand dated 12/03/12, location Naperville, Illinois, the Honorable Sharon Ballin, ALJ, ordered First Student to pay $13,296.80 in unpaid wages and $4,450.00 in liquidated damages.

e. IDOL File No.: 12-001693. Pursuant to a Wage Claim dated 3/18/12, location South Holland, Illinois, First Student pay $43.10 in unpaid wages.

141.    Pursuant to a New Jersey Open Records Act request, Plaintiffs secured multiple investigations by the New Jersey Department of Labor and Workforce Development (NJDOL) concerning First Student and its subsidiaries for a period of ten (10) years.

142.    Contained with the production were six (6) instances of First Student violating the New Jersey's Wage and Hour law, ultimately resulting in the imposition of significant civil penalties as a result of First Student's "history of violations" of other state wage and hour laws, similar to the wage and hour laws of New York. The relevant investigations are summarized as follows:

a. Case GE-1268-0611-WAL. Investigation report dated 4/25/11, location Lawnside, New Jersey. First Student was ordered to pay $439.27 in wages, $43.93 in fees and a penalty of $500.00.

b. Case GE-1947-0711-MAT. Investigation report dated 9/17/11, location

18

Englewood, New Jersey. First Student was ordered to pay a penalty of $500.00 for the failure to promptly pay wages.

c.  Case GE-2861-0804-HOL. Investigation report dated 6/21/04, location Englewood, New Jersey. First Student was ordered to pay $10,630.78 in wages, $1,063.08 in fees and a penalty of $2,000.00.

d.  Case GE-4002-1206-HAO. Investigation report dated 12/6/06, location Delran, New Jersey. First Student was ordered to pay $1,637.40 in wages, $163.74 in fees and a penalty of $250.00.

e.  Case GE-1789-0308-KEL. Investigation report dated 3/7/08, location Gardner, New Jersey. First Student was ordered to pay a penalty of $250.00 for the failure to keep payroll records.

f.  Case GE-1825-0610-MUL. Investigation report dated 7/12/10, location Great Meadows, New Jersey. First Student was ordered to pay $405.27 in wages, $40.53 in fees and a penalty of 50.00.

143.    Both Federal law and New York State law require that First Student maintain employee time records and that said records be made available for inspection. 29 U.S.C.A. § 211(c); NYSLL, Article 6 §195, 12 NYCRR 142-2.6.

144.    First Student does not maintain time records, but rather estimates payroll based upon timestamps provided through an equipment inspection system which produces Electronic Vehicle Inspection Reports ("the EVIR system"), for inspection records required to be maintained pursuant to Federal Department of Transportation regulations.

145.    New York State law requires every employee shall be paid 1.5 their regular wage for all hours worked beyond 40 hour in any given week in accordance with her/his employment agreement.  NYSLL Articles 5, 6 and 19, 12 NYCRR 142 *et seq*.

146.    First Student consistently failed to pay employees for all time worked.

147.     Based upon preliminary good faith investigation, First Student's compensation policies and practices relative to its bus drivers was a calculated choice, risking the chance of prosecution against the cumulative savings from non-payment of wages due and owing.

148.     Because First Student's history bespeaks of willful violations of both Federal and State Law, the three (3) year statute of limitations under the FSLA applies in this matter.

### C.  Class Representation FLSA - Counts I through II

149.     Pursuant to 29 U.S.C. §216(b), plaintiffs bring the claims alleged in Counts I through II on behalf of themselves and an opt-in class of all persons who were, are or will be hourly non-exempt bus drivers and driver assistants employed by First Student, who earned, but did not receive proper payment under federal law ("the Proposed FLSA Class").

150.     Plaintiffs contend that class representation is appropriate because:

   a)  Based upon preliminary good faith investigation, the size of the proposed class is so numerous that joiner of all individual members would be impracticable as the Proposed FLSA Class exceeds 9,000-12,000 individual members;

   b)  The named plaintiffs are adequate class representatives because they are directly impacted by First Student's acts and omissions and the interests of the named plaintiffs are not antagonistic to the proposed class as a whole

   c)  The attorneys representing the named plaintiffs each have in excess of 20 years of experience as trial attorneys and both attorneys have successfully represented similar plaintiffs against this same defendants for identical claims;

   d)  Common questions of law and fact are involved, specifically related to First Student's accounting and pay practices; these common fact questions include, but are not limited to

      i.  Whether First Student unlawfully and willfully failed to pay

20

minimum wage for straight time, and overtime compensation to members of the Proposed FLSA Class in violation of the FLSA;

ii. Whether the members of the Proposed FLSA Class are non-exempt employees entitled to overtime payment under the FLSA for all hours in excess of 40 hours in any given workweek;

iii. Whether First Student employed the members of the Proposed FLSA Class within the meaning of federal law;

iv. Whether First Student failed to keep accurate time records for all hours worked by members of the Proposed FLSA Class;

v. The proper measure of damages for member of the Proposed FLSA Class;

e) First Student's acts and omissions have affected the proposed class in an equal manner and continued misconduct would similarly affect the proposed class members, thereby making appropriate final declaratory and injunctive relief with respect to the class as a whole appropriate.

### D.  Class Representation – Counts III through IV

151.    Pursuant to the New York Labor Law, Articles 2, 6 and 19 and 12 NYCRR 142 *et seq*., plaintiffs bring the claims alleged in Counts III through IV on behalf of themselves and similarly situated employees who were, are or will be hourly non-exempt bus drivers and driver assistants employed by First Student, who earned, but did not receive proper payment under state law ("the Proposed NYSLL Class").

152.    Plaintiffs contend that class treatment pursuant to FRCP 23  is appropriate because:

a) The size of the proposed class is so numerous that joiner of all individual members would be impracticable as the Proposed NYLL Class exceeds 9,000 to 12,000 individual members;

b) The named plaintiffs are adequate class representatives because they are directly impacted by First Student's acts and omissions and the interests of the named plaintiffs are not antagonistic to the proposed class as a whole;

c) The attorneys representing the named plaintiffs each have in excess of 20 years of experience as attorneys, which has included representational litigation

    i. Kaighn v Idea Life, CAM-L-4414-01;

    ii. Devone v Citgo, CAM-L-4726-08

    iii. King v. First Student, Dkt: 11cv05015 (JBS);

    iv. Singleton v First Student, Dkt: 13cv01744(JEI);

    v. Hensley v First Student, Dkt: 15cv03811(JHR).

d) Common questions of law and fact are involved, specifically related to First Student's accounting and pay practices; these common fact questions include, but are not limited to:

    i. Whether First Student unlawfully and willfully failed to pay straight and overtime compensation to members of the Proposed NYSLL Class in violation of the NYSLL and the relevant regulations promulgated under the NYSLL, including the NYCRR;

    ii. Whether the members of the Proposed NSYLL Class are non-exempt employees entitled to overtime payment under the NSYLL and NYCRR for all hours in excess of 40 hours in any given workweek;

    iii. Whether First Student employed the members of the Proposed NYSLL Class within the meaning of state law;

        iv.   Whether First Student failed to keep accurate time records for all hours worked by members of the Proposed NYSLL Class;

        v.   The proper measure of damages for member of the Proposed NYSLL Class;

e)     First Student's acts and omissions have affected the proposed class in an equal manner and continued misconduct would similarly affect the proposed class members, thereby making appropriate final declaratory and injunctive relief with respect to the class as a whole appropriate.

## COUNT I
### (FLSA – Claim for Unpaid Time at Regular Rate of Pay)

153.    The factual allegations set forth in the foregoing paragraphs are repeated and realleged as if set forth herein.

154.    At the time First Student agrees to a contract to provide student transportation for a particular school district, First Student secures an estimate as to the approximate time it would take to drive each route under the contract ("Estimated Route Times").

155.    These Estimated Route Times are imputed to a computer program named FOCUS.

156.    These Estimated Route Times are compiled for each driver to form a "Standard Hours" estimate of the projected time the employee will work for a given week.

157.    At the start of each work day the FOCUS system generates an agenda of bus route tasks that must be performed and assigns a driver to each route.

### (a) Preliminary and Postliminary Activities

158.    The drivers and assistants are instructed to appear at First Student's bus yard at a pre-designated time, typically 7:30 a.m. for morning runs and 1:30 p.m. for afternoon runs.

159.    At the time they arrive at the yard, the drivers and assistants stand in line to

receive their route assignment for the day.

160.     After receiving their assignments and keys, the drivers, accompanied in most instances by their assistants (bus aides/monitors), proceed to their bus.

161.     Once at the bus, the driver logs into the EVIR system with their employee badge.

162.     It is at this time the driver/aide is "on the clock" and it is at that time the employee begins receiving compensation.

163.     Even though drivers and assistants arrive at First Student's work site at a pre-designated time, they are not paid "on the clock" until they store the inspection report in the EVIR system.

164.     Plaintiffs estimate that on average, the time between when the employee reports for work, secures their work assignment, commence their inspection and the point in time they swipe into the EVIR system, six minutes have elapsed.

165.     Defendants are not recording the time expended by their employees for these "preliminary activities" and the employees are not being paid for these preliminary activities.

166.     The aforementioned preliminary activities are an essential element of the driver's duties under Federal and State law and pursuant to the defendant's own policies.

167.     When the drivers return to the lot after their bus run, they are required by law and pursuant to First Student requirements to conduct a post-trip inspection of their vehicle.

168.     Once the driver's vehicle is parked, the driver again logs into the EVIR system.

169.     It is at this point in time that the Driver and their assistants are "off the clock", and any work performed after this point is not recorded or compensated by Defendant.

170.     After the driver swipes in for the post-trip EVIR system inspection, they must complete the inspection itself, clean out the bus, perform a "sleeping child" inspection, report any issues or problems to the office and return their equipment.

171.     Plaintiffs estimate that, on average, six minutes elapse between the point in time

between the driver logging into the EVIR system for the post-trip inspection and the point in time they are ready to complete all of their employment related tasks.

172.    Defendants are not recording the time expended by their employees for these "postliminary activities" and the employees are not being paid for these postliminary activities.

173.    The aforementioned postliminary activities are an essential element of the driver's duties under Federal and State law and pursuant to the Defendant's own policies.

### (b) Shifting Time Keeping Burden

174.    When the driver logs into the EVIR system for the pre-trip inspection, an electronic message is given to the FOCUS system notifying the system that the driver has commenced his pre-trip inspection; this becomes an entry in the Standard Hours Report as the "Task Start Time".

175.    When the driver logs into the EVIR system for the post-trip inspection, another electronic message is given to the FOCUS system notifying the system the driver has commenced his post-trip inspection; this becomes an entry in the Standard Hours Report as the "End Task Time".

176.    The elapsed time between the Task Start Time and the End Task time is compared to the Estimated Route Time and if the former is within a tolerance set in the Focus system the driver is paid for the Estimated Route Time.

177.    Plaintiffs are entitled to be paid for all time worked including the time within the tolerance setting, plus the undocumented preliminary activity time and the postliminary activity time.

178.    In the event the time between the Task Start Time and the End Task Time is greater than the Estimated Route Time plus the tolerance, the system is designed to create an exception report.

179.    These exception reports are routinely ignored and the driver/aide is only paid the

Estimated Route Time, which is less than the time actually worked.

180.    Where a driver does complain that they have not been paid for all time worked, pursuant to the defendant's own written policy and procedure, the burden falls upon the complaining employee to "document" the extra time.

181.    By failing to maintain accurate time records of time actually worked by the employee, rather than an estimated projected amount of time worked by an employee and by shifting the burden of demonstrating the actual time worked to an employee, where the duty lies solely with the employer pursuant to Federal and New York law, First Student has endemically and systematically violated both Federal and State law.

### (c) Dead Time

182.    When a driver is assigned a "charter run" and there is gap time between the end of a regular run and the charter run, this time is designated "dead time".

183.    First Student would, on many occasions, shift the time incurred on a charter run to a latter pay period for the employee, thereby avoiding overtime payments.

184.    Drivers and their assistants are not compensated for this time.

185.    On a regular basis, when all of the drivers' hours are properly counted, the drivers work more than 40 hours per week and during those weeks, they were not paid for all hours worked under the forty hour threshold, i.e. hours between hour 1 and hour 40.

186.    Pursuant to the FLSA, plaintiffs and the members of the Proposed FLSA Class are entitled to be paid the minimum wage for all straight time worked during weeks their hours exceed forty (40) hours.

187.    First Student has refused and continues to refuse to pay drivers and their assistants the minimum wage for all straight time worked.

188.    The failure of First Student to pay minimum wage for all straight time worked by the plaintiffs during all weeks these drivers worked more than forty (40) hours is a violation of

the FLSA.

**WHEREFORE**, plaintiffs pray for judgment awarding:

a) The certification of this matter as an "opt-in" class action under Section 216(b) of the FLSA ; and,

b) Awarding actual Damages, including back pay; and,

c) Liquidated Damages; and,

d) An extension of the limitations period applicable to this case to three years; and,

e) Imposition of counsel fees and costs; and,

f) Any and all other equitable remedies the court may deem appropriate.

### Count II
### (FLSA - Overtime Claims)

189. The factual allegations set forth in the forgoing paragraphs are repeated and realleged as if set forth here at length.

190. During the course of employment, Plaintiffs and members of the Potential FLSA Class, have, on regular occasions, worked more than forty hours per week.

191. The drivers' point of origin and point of termination for all trips, regular and charter are in the State of New York and any travel over interstate boundaries is *de minimis* when compared to the total number of miles driven by Plaintiffs in any given year.

192. Any interstate travel by any Plaintiff is not integral to that plaintiff's job.

193. Under the FLSA, First Student is require to compensate plaintiffs and the members of the Potential FLSA Class one and one half (150%) of their regular rate of compensation for all hours worked over 40 hours, including partial hours.

194. In an attempt to avoid this obligation, First Student divides the time expended into "Regular" and "Charter Rate" categories and under reports time actually worked by an

27

employee.

195.    As long as the number of hours does not exceed 40 for any given category, even though the total number of hours worked in a given week exceeds forty (40) hours, the drivers and drivers' assistants would only be paid their regular rate of pay.

196.    In addition, First Student fails to compensate its employees altogether for Preliminary and Postliminary activities as well as for the Dead Time on charter runs.

197.    To the extent the Preliminary and Postliminary activities as well as uncompensated Dead Time would have resulted in employees, including the Plaintiffs, working overtime hours, First Student has violated the FLSA by failing to pay overtime compensation.

198.    The failure to pay overtime rates for all hours worked in excess of 40 hours for any employee is a violation of the FLSA.

**WHEREFORE**, plaintiffs pray for judgment awarding:

a)   The certification of this matter as an "opt-in" class action under Section 216(b) of the FLSA ; and,

b)   Actual Damages, including back pay; and,

c)   Liquidated Damages; and,

d)   An extension of the limitations period applicable to this case to three years; and,

e)   Imposition of counsel fees and costs; and,

f)   Any and all other equitable remedies the court may deem appropriate.

### COUNT III
### (NYSLL and NYCRR- Straight Time Claim)

199.    The factual allegations set forth in the foregoing paragraphs are repeated and realleged as if set forth here at length.

200.    At all relevant times herein, Plaintiffs and those similarly situated have been

entitled to the rights, protections, and benefits provided under the New York State Labor Laws ("NYSLL"), Articles 2, 5, 6 and 19 and 12 NYCRR 142 *et seq*.

201.    First Student is a person who is acting directly or indirectly in the interest of an employer in relation to an employee, making First Student an "employer" within the meaning of NYSLL, Article 6 § 190(3).

202.    Plaintiffs and those similarly situated are or were "employees" of First Student within the meaning of NYSLL, Article 6 § 190(2), 12 NYCRR § 142-2.14 .

203.    The NSYLL and NYCRR exempts certain categories of employees from New York's overtime wage and other obligations, none of which apply to Plaintiff or members of the Class. NYSLL, Article 12 § 651(5), 12 NYCRR § 142-2.14.

204.    First Student had knowledge that Plaintiffs and those similarly situated were classified as non-exempt employees and such knowledge forms the basis for a willful violation of the NYSLL, Articles 6 and 12 and 12 NYCRR § 142 *et seq*.

205.    In the course of perpetrating these unlawful practices, First Student also failed to keep accurate records of the hours worked each day and each workweek by their employees as required under New York Law. NYSLL, Article 6 § 195; 12 NYCRR 142 *et seq*.

206.    Plaintiffs and those similarly situated are victims of a uniform and employer-based compensation policy. This uniform policy, in violation of New York State's Labor Laws and the Official Compilation of the Codes, Rules and Regulations of the State of New York, has been applied to all Class members.

207.    First Student has failed to pay Plaintiffs and those similarly situated for time spent working including but not necessarily limited to preliminary and postliminary activities as well as "dead time."

208.    First Student has refused and continues to refuse to pay drivers and assistants for all time worked which is not overtime, i.e. "straight time."   The failure of First Student to pay

for all straight time worked is a violation of the NYSLL, Articles 6 and 12 and 12 NYCRR 142 *et seq.*

WHEREFORE, plaintiffs pray for judgment awarding:

a)  The certification of the NYSLL claims as an "opt-in" class action under FRCP 23; and,

b)  Awarding actual damages, including back pay; and,

c)  Liquidated Damages; and

d)  All available pre-judgment and post-judgment interest; and

e)  Imposition of counsel fees and costs; and,

f)  Any and all other equitable remedies the court may deem appropriate.

### Count IV
### (Violation of New York's Wage and Hour Laws - Overtime Claims)

209.  The factual allegations set forth in the forgoing paragraphs are repeated and realleged as if set forth herein.

210.  Defendant is required to pay overtime in accordance with 12 NYCRR 142-2.2, which provides in pertinent part:

> Overtime rate. An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of sections 7 and 13 of 29 USC 201 et seq., the Fair Labor Standards Act of 1938, as amended, provided, however, that the exemptions set forth in section 13(a)(2) and (4) shall not apply. In addition, an employer shall pay employees subject to the exemptions of section 13 of the Fair Labor Standards Act, as amended, except employees subject to section 13(a)(2) and (4) of such act, overtime at a wage rate of one and one-half times the basic minimum hourly rate.

211.  Plaintiffs and those similarly situated worked more than forty (40) hours in a workweek without being compensated at a rate of at least one and one-half times their regular rate of pay at which they were employed for all time worked because

of Defendant's wage and hour practices as stated herein.

212. Defendant, pursuant to its policies and practices, violated the New York State Labor Laws and the Official Compilation of the Codes, Rules and Regulations of the State of New York by refusing and failing to pay Plaintiff and members of the Class overtime wages required under New York State Law. NYSLL, Articles 6 and 12 and 12 NYCRR 142 *et seq*.

213. There is no exemption under New York law that excuses Defendant from meeting its overtime obligations to pay Plaintiff and the Class pursuant to NYSLL, Articles 6 and 12 and 12 NYCRR 142 *et seq*.

214. Under the NYSLL and NYCRR, First Student is required to compensate Plaintiffs and the members of the Potential NYLL Class one and one half (150%) of their regular rate of pay for all hours worked over 40 hours, including partial hours.

215. As set forth above, First Student has failed and refused to pay overtime as required by the NYSLL and NYCRR.

216. The failure to pay overtime compensation for all hours worked in excess of 40 hours for any plaintiff or member of the Proposed NYSLL Class is a violation of the NYSLL and NYCRR.

**WHEREFORE**, plaintiffs pray for judgment awarding:

a) The certification of the NYSLL claims as an "opt-in" class action under FRCP 23; and,

b) Awarding actual damages, including back pay; and,

c) Liquidated Damages; and

d) All available pre-judgment and post-judgment interest; and

e) Imposition of counsel fees and costs; and,

Any and all other equitable remedies the court may deem appropriate.

Respectfully submitted,
**Cronin & Berkowitz,**

Dated:  May 31, 2016                      __/s/ Ira E. Dorfman, Esq.____
                                     By:    Ira E. Dorfman, Esq. (ID-7488)
                                            **Attorney for Plaintiffs**